Filing # 137504265 E-Filed 10/28/2021 06:03:11 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**MAURICIO DIEZ MARINA AVEDILLO**,

     Plaintiff,

vs.

**FAMILY FITZ, LLC,** a Florida limited
liability company d/b/a **CHICK-FIL-A**,
and **JOHN MOREIRA**, individually,

     Defendants.

_____/

**DIVISION:** CIVIL

**CASE No.:** CACE-21-019377

DATE 12 30 2021  TIME 8A

INITIAL _____  BADGE# LU81

### SUMMONS

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:**

    **YOU ARE COMMANDED** to serve this summons and a copy of the
complaint in this law-suit on Defendant:

        **FAMILY FITZ, LLC** d/b/a **CHICK-FIL-A**
        c/o William S. Fitzpatrick, as Registered Agent
        14321 Arlington Place
        Davie, FL 33325

    Each Defendant is required to serve a written response to the Complaint
on Arguez Hirsch, PLLC, 12555 Orange Drive, Second Floor, Davie, Florida
33330, within **twenty (20) days** after service of this Summons on this
Defendant, exclusive of the day of service, and to file an electronic response
either before service on Plaintiff's attorney or immediately thereafter. If
Defendant fails to do so, a default will be entered against that Defendant for
the relief demanded in the Complaint.

    DATED: _____OCT 29 2021_____

**ARGUEZ HIRSCH, PLLC**
12555 Orange Drive
Second Floor
Davie, Florida 33330
Phone: (954) 237-6060
Service email: eservice@arguezhirsch.com
*Counsel for Plaintiff*
1 OF 1 | P a g e

CLERK OF THE CIRCUIT COURT

By: _____
Deputy Clerk

BRENDA D. FORMAN

Exhibit A

Filing # 137143843 E-Filed 10/23/2021 03:38:30 PM

### IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

**MAURICIO DIEZ MARINA AVEDILLO,**

      Plaintiff,

vs.

**FAMILY FITZ, LLC,** a Florida limited
liability company d/b/a **CHICK-FIL-A,**
and **JOHN MOREIRA,** individually,

      Defendants.

——————————————————/

**DIVISION:** CIVIL

**CASE No.:** 21 9770
81089
C 230202
8A

### COMPLAINT

Plaintiff, Mauricio Diez Marina Avedillo ("Plaintiff"), hereby sues
Defendant, Family Fitz, LLC a Florida limited liability company d/b/a CHICK-
FIL-A and John Moreira (collectively "Defendants"), and alleges as follows:

### NATURE OF ACTION

1.    This action arises out of Plaintiff's employment relationship with
Defendants. The discrimination claims based on age are brought against the
corporate Defendant, pursuant to the Florida Civil Rights Act of 1992 ("FCRA")
and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et
seq.* ("ADEA"). The tort claims for assault and battery are brought against both
Defendants.

### JURISDICTION AND VENUE

2.    This is an action for damages in excess of THIRTY THOUSAND
AND ONE DOLLAR ($30,001.00), exclusive of interest, costs, and attorneys'
fees, and is within the jurisdiction of this Court.

Exhibit A

3.     Plaintiff brings this action pursuant to the FCRA, the ADEA, and to secure protection for and to redress the deprivation of rights secured by State and Federal Laws.

4.     Venue is proper for the Circuit Court of Broward County because Plaintiff was employed in Broward County, Florida by the corporate Defendant, which maintains an office for its business therein. Additionally, venue lies pursuant to Florida Statutes Sections 47.051, 47.011, and 760.01, *et seq.*, because the acts that gave rise to Plaintiff's claims occurred in Broward County, Florida, including the assault and battery incident. Furthermore, the individual Defendant, John Moreira, resides in Broward County.

## PARTIES

5.     At all times pertinent hereto, Plaintiff has been a resident of the State of Florida, was a resident of Broward County, Florida and was employed by the corporate Defendant.

6.     Plaintiff is a member of the protected class because of his age (48).

7.     Plaintiff is an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02.

8.     Defendant, Family Fitz, LLC, a Florida limited liability company d/b/a CHICK-FIL-A ("Chick-Fil-A" or "corporate Defendant"), is a franchisee of Chick-Fil-A, Inc., and maintains an office in Broward County where Plaintiff worked for Defendant.

9.     At all times, defendant, Chick-Fil-A, was an "employer" as defined in 29 U.S.C. § 630(b), and Fla. Stat. §760.02, since it employed 20 or more

Exhibit A

employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10.    At all relevant times, defendant, John Moreira ("Mr. Moreira), is an individual who conducted and continues to conduct substantial business in Broward County, Florida and resides therein.

## CONDITION PRECEDENT

11.    Plaintiff has satisfied all conditions precedent prior to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and/or the Florida Commission on Human Relations (via dual filing) on or about December 08, 2020. Plaintiff has filed this suit within the ninety (90) days of receiving a Right to Sue notice from the EEOC, and 180 days have elapsed since the Charges of Discrimination was filed and the FCHR has not issued a determination. Plaintiff is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. *See* Exhibit A.

## STATEMENTS OF FACTS

12.    Plaintiff is a 48 years old Hispanic male from Mexico.

13.    On or about December 20, 2019, Plaintiff started working as a line cook and/or food preparer for the corporate Defendant in its restaurant located at 15990 SW 41 Street, Davie, Florida 33331 (the "Restaurant").

Exhibit A

14.     During the time Plaintiff worked for Chick Fil-A, he was always an exemplary worker, and his work ethic was praised by his co-workers and supervisor.

15.     A small group of 40 years of age and older workers worked in the kitchen along with Plaintiff. There was also a group of younger employees[1] working in the kitchen.

16.     At all material times, Mr. Moreira acted as the General Manager of the corporate Defendant.

17.     As a General Manager, Mr. Moreira would oversee the preparation of food and beverage items to ensure that all orders are delivered to each customer in a promptly manner. Among other things, Mr. Moreira was also in charge of interviewing and hiring new staff, giving performance reviews, disciplining and/or firing employees.

18.     Since the day Plaintiff started working for the corporate Defendant, Plaintiff noticed that Mr. Moreira always displayed an extreme favoritism for the younger employees.

19.     Mr. Moreira failed to enforce the company's policies uniformly among all employees. The company's policies were only enforced against older workers. For instance the tardiness policy was constantly enforced only against older employees as well as improper use of the cellphone in the workplace.

20.     According to the employer's policy, employees are not allowed to be on the phone during working hours. In one occasion, Plaintiff was trying to put

---

[1] Younger employees shall mean employees working for the corporate Defendant that were under the age of 40.

his phone on mute in compliance with said policy, when the manager, without any warning, proceeded to reprimand Plaintiff for "improper" use of the phone. However, the younger employees were constantly on the phone, and they would only receive warnings, never written reprimands.

21.    Additionally, if an older employee would request sick-leave, Mr. Moreira would find any excuse to deny said request. However, if a younger employee would make such request, Mr. Moreira would grant it without any objection or further delay.

22.    Furthermore, if there was any delay in the processing and/or preparation of the food, the younger employees would always blame the delay on the older workers, and the general manager would always believe them without any further investigation and would proceed to verbally reprimand the older employees.

23.    Mr. Moreira for anything would always scream, curse and yell at the older employees. However, with the younger employees, Mr. Moreira was always very jovial and friendly.

24.    Mr. Moreira was very offensive with the older employees and would ridicule them to extent that younger employees would make fun of them, and on October 29, 2020, it was no different.

25.    On October 29, 2020, Plaintiff and Maria Guedez ("Ms. Guedez"), a 70 year old worker, were working at the Restaurant, in the area where the orders of salads, chicken and soups, and other foods are prepared and packed in their respective food containers, when suddenly Mr. Moreira, without a

reason, began yelling and cursing at Plaintiff in a very aggressive and hostile manner in front of other employees and customers. Mr. Moreira started demanding that he needed two (2) salads with nuggets, at which Plaintiff responded in a very calm and respectful manner that the monitor was not reflecting such orders and that they had run out of nuggets for the salads.

26.    Thereafter, Mr. Moreira proceeded towards the refrigerator located below the counter where salads were maintained, grabbed a few, and headed, in a very hostile manner, towards Ms. Guedez and Plaintiff's location. Mr. Moreira, then, threw the salads on the counter towards Ms. Guedez and continued yelling and cursing at Plaintiff demanding that Plaintiff should prepare the salads, while Mr. Moreira was holding the metal nuggets scoop and hitting the counter.

27.    Plaintiff politely and respectfully asked Mr. Moreira to please stop yelling at him, and explained to Mr. Moreira for the second time that the only reason why he did not prepare the salad was because said order did not reflect on the computer monitor and that they had run out of nuggets.

28.    Mr. Moreira continued yelling and cursing at Plaintiff and told Plaintiff that he did not care whether the order was reflecting on the monitor or not, that if Mr. Moreira demanded Plaintiff to prepare the salads, Plaintiff had to prepare them regardless.

29.    Plaintiff acknowledged to Mr. Moreira that Plaintiff was there to receive orders from him. However, Plaintiff respectfully insisted that there was no need for Mr. Moreira to continue yelling and cursing at Plaintiff.

30.    Plaintiff remained calm and respectful at all times. However, Mr. Moreira's aggressive behavior would increase by the second. Mr. Moreira continued yelling and cursing at Plaintiff, and continued ridiculing him in front of several employees and customers. Plaintiff pleaded for Mr. Moreira to please stop yelling. At which point Mr. Moreira's aggressive behavior turned physical.

31.    Mr. Moreira forcefully impacted Plaintiff's chest with his two hands and violently pushed Plaintiff, assaulting and battering Plaintiff in front of other employees and customers.

32.    Immediately thereafter, another employee got in between Mr. Moreira and Plaintiff to stop Mr. Moreira's physical attack upon the Plaintiff.

33.    Plaintiff felt humiliated and embarrassed by Mr. Moreira's verbal and physical abuse and behavior, especially because the incident unfolded in the presence of many customers.

34.    Mr. Moreira's verbal and physical aggressive behavior towards the Plaintiff was not enough. Mr. Moreira told Plaintiff – in front of the Restaurant's customers – that he was terminated and demanded Plaintiff to leave the Restaurant, at which point Mr. Moreira continued physically attacking Plaintiff by pushing Plaintiff from behind out of the kitchen area and towards the customer area.

35.    Mr. Moreira proceeded to call the police to have Plaintiff removed from the Restaurant.

36.    Thereafter, the police arrived and proceeded to investigate the reported incident. The police received statements from (5) different witnesses.

All of whom stated that "they were inside the restaurant ordering/waiting for their food when they heard and saw the General Manager who was identified as [Mr. Moreira] yelling, cursing and pushing [Plaintiff] out of the door. They stated that the manager was extremely hostile and rude towards [Plaintiff] and could not believe what they were witnessing." Furthermore, the witnesses all stated that "[Plaintiff] was not aggressive towards the manager at all even though [Plaintiff] was being yelled at, cursed at, and pushed out of the door by the manager." The police report was dated October 29, 2020.

37.     The police found enough probable cause to arrest Mr. Moreira for battery and assault against Plaintiff. The police asked Plaintiff whether he wanted to press charges against Mr. Moreira in order to proceed with Mr. Moreira's arrest. However, Plaintiff declined to press charges against Mr. Moreira at that point and time.

38.     Mr. Moreira's constant aggressive behavior towards the older employees created a hostile work environment at the Restaurant, whereby the employees were always working under a stressful, tense and fearful work environment.

39.     The corporate Defendant knew and/or had reason to know about Mr. Moreira's discriminatory actions and aggressive behavior towards older and disable employees.

40.     Plaintiff relied on this job for full time employment.

41.     Plaintiff, during all times of his employment, adequately, properly, and satisfactorily performed his job.

42. Defendants had no legitimate, non-discriminatory, or non-retaliatory reason to terminate Plaintiff.

43. Defendants treated Plaintiff differently than similarly situated younger, non-Hispanic, non-Mexican employees in the terms and conditions of his employment and racially harassed him and discriminated against him because of his age in violation of the FCRA and the ADEA.

44. Plaintiff has retained the undersigned legal counsel to prosecute this action in his behalf, and has agreed to pay counsel a reasonable fee for their service.

45. Plaintiff is entitled to his reasonable attorney's fees if he is the prevailing party in this action.

46. As of result of Defendants' conduct, Plaintiff has suffered substantial emotional distress.

47. All conditions precedent to this lawsuit have occurred, been filed or have been waived.

### COUNT I
### AGE DISCRIMINATION
### (Violation of ADEA)

48. Plaintiff adopts and re-alleges the allegations set forth in Paragraphs 1 to 47 above as if fully set forth herein.

49. Plaintiff was a member of a protected class (over the age of 40), and qualified to do his job.

Exhibit A

50.   As previously set forth above, Plaintiff was subjected to discrimination by virtue of disparate treatment as compared by his younger peers, in terms of, but not necessarily limited to:

a.   Termination and/or discipline for alleged violation of policies that were not enforced as to his younger peers;

b.   Not receiving support afforded and/or training afforded to younger employees; and,

c.   By being subjected to heightened scrutiny and expectations of his performance, and provided lesser opportunities to correct or explain perceived infractions of policies than his younger peers.

51.   Defendants' selective enforcement of its policies constitutes an unlawful discriminatory act within the meaning of the ADEA.

52.   At all times material hereto, Chick-Fil-A, through its authorized agents and employees, engaged in a conduct, including discharging Plaintiff in willful disregard of his rights, in violation of the ADEA.

53.   Defendants subjected Plaintiff to these adverse employment actions solely because of his age, forty-eight (48) years old, in violation of the ADEA.

54.   No legitimate business reason existed under Chick-Fil-A's policies, past practices, procedures and/or supervisory instructions to justify Defendants' actions against Plaintiff, which resulted in Plaintiff's unlawful termination of employment.

55.   The age was a motivating factor in the decision to terminate Plaintiff's employment.

56.   As a direct, proximate and foreseeable result of Defendants' actions, Plaintiff has suffered past and future pecuniary losses, loss of past and future wages, emotional pain, suffering, embarrassment, humiliation, inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other nonpecuniary losses and intangible injuries, specifically through actions of Chick-Fil-A's agents and employees, Plaintiff has been tangibly harmed concerning the terms and conditions of his employment, which damages include loss of pay and benefits, damage to Plaintiff's dignity; as well as severe emotional anguish and distress.

**WHEREFORE**, the Plaintiff prays that this Court grant to Plaintiff and against Defendants:

(a)   Back pay from the time of discharge to trial;

(b)   Front pay, to make up for the difference in pay that the employee would have earned in the future in amounts to be proven at trial;

(c)   Compensatory damages, including but not limited to, emotional distress and pain and suffering (such as grief, fright, anxiety, humiliation, and depression) in amounts to be proven at trial;

(d)   Liquidated and/or other punitive damages applicable under the law in amounts to be proven at trial;

(e)   Attorney's fees as provided under applicable law, and;

Exhibit A

(f)    Other and further relief as this Court may deem just and equitable.

## COUNT II
## AGE DISCRIMINATION
### (Violation of FCRA)

57.    This is an action for discrimination based upon age under the FCRA.

58.    Plaintiff adopts and re-alleges the allegations set forth in Paragraphs 1 to 47 above as if fully set forth herein.

59.    Plaintiff was a member of a protected class (over the age of 40), and qualified to do his job.

60.    As previously set forth above, Plaintiff was subjected to discrimination by virtue of disparate treatment as compared by his younger peers, in terms of, but not necessarily limited to:

      a.    Termination and/or discipline for alleged violation of policies that were not enforced as to his younger peers;

      b.    Not receiving support afforded and/or training afforded to younger employees; and,

      c.    By being subjected to heightened scrutiny and expectations of his performance, and provided lesser opportunities to correct or explain perceived infractions of policies than his younger peers.

61.    Defendants' selective enforcement of its policies constitutes an unlawful discriminatory act within the meaning of the FCRA.

Exhibit A

62.     At all times material hereto, Chick-Fil-A, through its authorized agents and employees, engaged in a conduct, including discharging Plaintiff in willful disregard of his rights, in violation of the FCRA.

63.     Defendants subjected Plaintiff to these adverse employment actions solely because of his age, forty-eight (48) years old, in violation of the FCRA.

64.     No legitimate business reason existed under Chick-Fil-A's policies, past practices, procedures and/or supervisory instructions to justify Defendants' actions against Plaintiff, which resulted in Plaintiff's unlawful termination of employment.

65.     The age was a motivating factor in the decision to terminate Plaintiff's employment.

66.     As a direct, proximate and foreseeable result of Defendants' actions, Plaintiff has suffered past and future pecuniary losses, loss of past and future wages, emotional pain, suffering, embarrassment, humiliation, inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other nonpecuniary losses and intangible injuries, specifically through actions of Chick-Fil-A's agents and employees, Plaintiff has been tangibly harmed concerning the terms and conditions of his employment, which damages include loss of pay and benefits, damage to Plaintiff's dignity; as well as severe emotional anguish and distress.

**WHEREFORE**, the Plaintiff prays that this Court will:

Exhibit A

(a)    Order Defendants to remedy the age discrimination against Plaintiff by:

        i.    Paying appropriate back pay;

        ii.    Paying prejudgment and post-judgment interest;

        iii.    Reinstating Plaintiff or paying front pay in lieu of reinstatement;

        iv.    Paying for lost benefits including medical insurance, pension, and retirement plan; and,

        v.    Providing any other relief that is appropriate.

(b)    Enter an order against Defendants for compensatory damages;

(c)    Enter an order against Defendants for punitive damages; and,

(d)    Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT III
## HOSTILE WORK ENVIRONMENT
## (BASED ON AGE DISCRIMINATION)

67.    Plaintiff adopts and re-alleges the allegations set forth in Paragraphs 1 to 47 above as if fully set forth herein.

68.    Plaintiff is a member of the protected class as Plaintiff was 48 years of age while working for the corporate Defendant.

69.    Plaintiff was subjected to unwelcome harassment by Defendants.

70.   Plaintiff and other similarly situated employees of the corporate Defendant were constant victims of Mr. Moreira's aggressive behavior and were constantly ridiculed by him solely because said employees were over the age of 40 years.

71.   Plaintiff and other similarly situated employees of the corporate Defendant were forced to work under Mr. Moreira's constant yelling and screaming in front of younger employees, and also put in ridicule by Mr. Moreira in the presence of the Restaurant's customers.

72.   Plaintiff was subjected to a hostile work environment in which he was closely monitored more so than the younger employees, and was constantly shouted at, to the point of being physically assaulted and battered by Mr. Moreira. The harassment was unwelcome and continuous.

73.   The harassment was severe and pervasive. The Plaintiff was spoken to routinely in a loud and intimidating voice by the general manager, Mr. Moreira.

74.   The corporate Defendant knew or should have known of the harassment against Plaintiff and the corporate Defendant failed to take prompt remedial action.

75.   As a result of the Defendants' unlawful conduct, as described herein, the Plaintiff has suffered, and continues to suffer, a loss of income and a loss of the value of benefits he would have received had he continued in the Defendants' employ. In addition, the Plaintiff has suffered, and continues to

Exhibit A

suffer, mental anguish, emotional distress, embarrassment and damage to his personal and work reputation.

**WHEREFORE**, the Plaintiff prays:

(a)    That the Court award the Plaintiff his lost pay and the value of his lost benefits;

(b)    That the Court award the Plaintiff compensatory damages; and,

(c)    That the Court award the Plaintiff the cost of this action, including a reasonable attorney's fee.

### COUNT IV
### CIVIL BATTERY

76.    Plaintiff adopts and re-alleges the allegations set forth in Paragraphs 1 to 47 above as if fully set forth herein.

77.    Defendant Mr. Moreira committed battery upon Plaintiff's person by engaging in unwanted and unwelcome touching of Plaintiff's person as set forth above in more detail.

78.    Defendant Mr. Moreira's conduct in committing battery upon Plaintiff was intentional, malicious, willful, wanton, and in reckless disregard of Plaintiff's rights under the law.

79.    Defendant Mr. Moreira's conduct in committing battery upon Plaintiff was taken at a time when Mr. Moreira was not acting in furtherance of the corporate Defendant's business, and the battery arose from an act constituting age harassment/discrimination which is a scenario involving an injury to intangible personal rights.

Exhibit A

80. Defendant Mr. Moreira's conduct was so open, obvious, pervasive, and known to the employees of the corporate Defendant that the corporate Defendant knew or should have known of the conduct. The corporate Defendant, however, failed to make any appropriate action to remedy, correct, or prevent Mr. Moreira's conduct. Consequently, the corporate Defendant is vicariously responsible for Defendant Mr. Moreira's battery of Plaintiff.

81. As a direct and proximate result of Defendant Mr. Moreira's commitment of battery against Plaintiff, and the corporate Defendant's failure to take appropriate corrective action to correct, remedy, or prevent such battery, Plaintiff has suffered damages. Plaintiff's damages include, but are not limited to, lost income, emotional distress, mental anguish, and humiliation.

**WHEREFORE**, the Plaintiff prays that this Court award Plaintiff against Defendants, lost income, compensatory damages, punitive damages, incidental damages, interest, costs, and such other relief as this Court deems just and proper.

## COUNT V
## CIVIL ASSAULT

82. Plaintiff adopts and re-alleges the allegations set forth in Paragraphs 1 to 47 above as if fully set forth herein.

83. Defendant Mr. Moreira committed assault upon Plaintiff's person by placing Plaintiff in a position where Plaintiff was in imminent apprehension of being battered (an in unwanted and unwelcome touching of Plaintiff's person) as set forth above in more detail.

Exhibit A

84.     Defendant Mr. Moreira's conduct in committing assault upon Plaintiff was intentional, malicious, willful, wanton, and in reckless disregard of Plaintiff's rights under the law.

85.     Defendant Mr. Moreira's conduct in committing assault upon Plaintiff was taken at a time when Mr. Moreira was not acting in furtherance of the corporate Defendant's business, and the battery arose from an act constituting age harassment/discrimination which is a scenario involving an injury to intangible personal rights.

86.     Defendant Mr. Moreira's conduct was so open, obvious, pervasive, and known to the employees of the corporate Defendant that the corporate Defendant knew or should have known of the conduct. The corporate Defendant, however, failed to make any appropriate action to remedy, correct, or prevent Mr. Moreira's conduct. Consequently, the corporate Defendant is vicariously responsible for Defendant Mr. Moreira's assault of Plaintiff.

87.     As a direct and proximate result of Defendant Mr. Moreira's commitment of battery against Plaintiff, and the corporate Defendant's failure to take appropriate corrective action to correct, remedy, or prevent such assault, Plaintiff has suffered damages. Plaintiff's damages include, but are not limited to, lost income, emotional distress, mental anguish, and humiliation.

**WHEREFORE**, the Plaintiff prays that this Court award Plaintiff against Defendants, lost income, compensatory damages, punitive damages, incidental damages, interest, costs, and such other relief as this Court deems just and proper.

Exhibit A

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Respectfully submitted on October 23, 2021.

**ARGUEZ HIRSCH PLLC**
12555 Orange Drive
Second Floor
Davie, Florida 33330
Phone: (954) 237-6060
Service email: eservice@arguezhirsch.com
*Counsel for Plaintiff*

By: ___/s/ *Yenys Hirsch*___
Yenys Hirsch, Esq.
FL Bar No. 118260
yenys.hirsch@arguezhirsch.com
Michael Jr. Arguez, Esq.
FL Bar No. 123483
michael.arguez@arguezhirsch.com

Exhibit A